**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MILTON ABELES, INC.,

                               Plaintiff,

          - against -

CREEKSTONE FARMS PREMIUM BEEF, LLC,

                              Defendant.
-----------------------------------------------------------------X

**ORDER**

CV 06-3893 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Before the Court is Plaintiff's Motion [DE 100-1] for reconsideration (the "Motion for Reconsideration") of the portion of this Court's September 29, 2008 Order (the "September 29 Order") [DE 86] imposing monetary sanctions in the amount of $250 upon Plaintiff's counsel for failing to certify their compliance with Local Rule 37.3's meet-and-confer obligation, in connection with Plaintiff's Cross-Motion to compel Defendant to produce supplemental documents (the underlying "Motion to Compel").[1] Defendant opposes [DE 100-2] Plaintiff's Reconsideration Motion and cross-moves for an award of attorneys' fees and costs incurred in opposing the Reconsideration Motion (Defendant's "Cross-Motion"). Plaintiff does not oppose Defendant's Cross-Motion.

Based upon my review of the parties' submissions and the applicable law, I find that Plaintiff has not shown that this Court overlooked controlling decisions or factual matters raised in the underlying motion which would warrant reconsideration of the September 29 Order.

---

[1]     The issues underlying the imposition of sanctions were discussed at length in the September 29 Order and familiarity with that Order is assumed here.

Further, Defendant has not made the requisite showing entitling it to an award of costs and attorneys' fees incurred in opposing the instant Motion for Reconsideration.

Accordingly, Plaintiff's Motion for Reconsideration is hereby DENIED. Defendant's Cross-Motion for attorneys' fees and costs is also DENIED.

## II. THE PARTIES' CONTENTIONS

Plaintiff moves for reconsideration of the portion of this Court's order imposing sanctions upon Plaintiff's counsel for failure to comply with Rule 37.3 on the grounds that the description of the correspondence and telephone conversations between Plaintiff's and Defendant's counsel in connection with Plaintiff's requests for supplemental document production, as set forth in the underlying Motion to Compel, "had the required 'level of factual specificity required by Rule 37' to make it clear to this Court that a good faith attempt had been made in solving the dispute that was ultimately presented to the Court for its consideration." *See* Pltf.'s Mem. of Law in Supp. of Mot. for Recons. ("Pltf.'s Mem.") [100-1] at 3. Plaintiff further contends that "in analyzing the facts which were set forth in support [of] the original cross motion . . . this Court employed a to[o] narrow reading of the certification requirements . . . ." *Id*. at 3; *see also* Decl. of James. J. Daw, Jr. in Supp. of Mot. for Recons. ("Daw Decl.") [100-1], ¶ 10.

In opposition, Defendant argues that Plaintiff's Motion for Reconsideration should be denied because Plaintiff does not "point[] to any controlling decisions or facts that were overlooked by the Court" in the September 29 Order. *See* Def.'s Mem. of Law in Opp'n to Pltf.'s Mot for Recons. [DE 100-2] ("Def.'s Mem.") at 1. Moreover, contrary to Plaintiff's assertion that counsel made sufficient efforts to meet-and-confer, Defendant argues that Plaintiff's counsel "never sought to meet-and-confer" in connection with the request for

supplemental document production. *See id*. at 3; *see also* Decl. of Matthew Solum in Opp'n to Pltf.'s Mot for Recons. [DE 100-2] ("Solum Decl."), ¶ 20.

### III. STANDARD OF REVIEW

Motions for reconsideration under Rule 59(e) are governed by Local Rule 6.3,[2] which requires the moving party to "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." E.D.N.Y. Local R. Civ. P. 6.3; *Myers v. Okada*, No. 08-CV-1635, 2008 WL 4724579, at *1 (E.D.N.Y. Oct. 23, 2008). The Second Circuit's standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that the lower court's reconsideration of a summary judgment motion was not an abuse of discretion because the moving party presented "data the court had not previously considered," such as extensive legislative history on the relevant statute and new case law) (citations omitted).

Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* This heightened burden intends "to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Comm'r of the Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), *modified on other grounds*, 934 F.2d 450 (2d Cir. 1991); *see also Equal Employment Opportunity Comm'n v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (holding that a motion for

---

[2] The Court notes that in its Memorandum of Law, Plaintiff does not cite to either Rule 59 or Local Rule 6.3, and does not include any discussion of the applicable standard of review.

reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). The scope of a motion for reconsideration, therefore, is extremely narrow and is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." *In re Health Mgmt Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Whether to grant such a motion "is within the sound discretion of the district court." *Myers*, 2008 WL 4724579, at *1 (quoting *Federal Express Corp.*, 268 F. Supp. 2d at 195).

**IV. DISCUSSION**

Having considered the parties' arguments, as discussed below, I find that Plaintiff has not met its burden to show that the Court overlooked relevant facts or law or that the Court misapplied relevant law which would warrant reconsideration of the September 29 Order.

The portion of the September 29 Order of which Plaintiff seeks reconsideration provides as follows:

> In my December 17, 2007 Order, I explicitly reminded the parties of their meet and confer obligations under Local Rule 37.3 and warned that if they failed to comply with this requirement, any future motions would be rejected. The Court is aware of each party's recitation of its "attempts" to communicate with opposing counsel . . . . Plaintiff's cross-motion [DE 50] again does not contain the required certification and description of the manner in which compliance was achieved. Plaintiff's counsel has been on notice of the Local Rules requirements since the Initial Conference on July 16, 2007. (*See* Initial Conference Minute Order, DE 28].
>
> Moreover, my discussion with the parties during the December 17, 2007 Status Conference as well as the lengthy December 17 Order following up on that conference [DE 44] made clear that the parties would be required to comply with Local Rule 37.3 going forward and that any failure to comply would result in a sanction for failure to follow discovery orders. In light of the provisions of [Federal Rule] 37, if the Court finds a violation of a discovery order, then it shall impose a

4

> sanction. This is not an act which the Court takes lightly or in which the Court takes any satisfaction. To the contrary, imposing sanctions on an attorney is a most unpalatable undertaking. Nonetheless, based on the failure to comply here, I am imposing a sanction of $250 on Plaintiff's counsel which sanction is to be paid over to Defendant's counsel within ten (10) days of the date of this Order.

*See* Sept. 29 Order [DE 86], at 5.

Local Rule 37.3 provides as follows: "Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute." E.D.N.Y. Local. R. Civ. P. 37.3. To satisfy the Rule's meet-and-confer requirement, "the certification must 'set forth . . . essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties[,]' such as the "names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." *AIU Ins. Co. v. TIG Ins. Co.*, No. 07 Civ. 7052, 2008 WL 4067437 (S.D.N.Y. Aug. 28, 2008) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)). Moreover, it is well established that the Court is required, under Federal Rule 37, to impose sanctions for failure to comply with discovery orders. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making that motion . . . .").

Based upon this Court's prior orders, the parties were clearly on notice of their obligations to meet and confer prior to making any discovery motion, and to include in such

motion a certification of their compliance and an explanation of the means by which compliance was achieved. *See*, *e.g.* Initial Conf. Minute Order, [DE 28]; Dec. 17, 2007 Order [DE 44] (annexed as Ex. C to Solum Decl.). Morever, pursuant to my directives at the December 17, 2007 Conference, the parties were on notice that "any failure to comply [with Rule 37.3] would result in a sanction for failure to follow discovery orders." *See* DE 44. Notwithstanding my clear directives, in the underlying Cross-Motion to Compel the supplemental document production, Plaintiff's counsel failed to include "the required certification and description of the manner in which compliance was achieved." Accordingly, I imposed a modest sanction upon Plaintiff's counsel.

In the instant Motion, Plaintiff does not show that the September 29 Order overlooked controlling decisions. Rather, Plaintiff points to the Southern District Court's decision in *AIU Insurance Co. v. TIG Insurance Co.*, No. 07 Civ. 7052, 2008 WL 4067437 (S.D.N.Y. Aug. 28, 2008), in support of its argument that the description of correspondence and phone calls that took place prior to filing the cross-motion to compel contained the requisite "level of factual specificity required by Rule 37." Pltf.'s Mem. at 3. Plaintiff argues that, in *AIU Insurance*, the court "found that an adequate 'level of factual specificity required by Rule 37' was provided when the movant certified that he conferred with counsel by means of numerous phone conference and discovery correspondences . . . ." *Id*. at 3 (quoting *AIU Ins. Co.*, 2008 WL 4067437, at *4). However, when read in full, it is evident that the *AIU Insurance* Court found that the statement quoted above, contained in the declaration of the moving party's attorney, only partially satisfied the Rule 37.3 obligation. In finding the moving party's certification sufficient, the court also discussed an additional declaration from the attorney which further detailed the

initial discovery conference with opposing counsel, as well as subsequent correspondence between counsel, which were annexed as exhibits to the motion. *See AIU Ins. Co.*, 2008 WL 4067437, at *4.

Unlike the moving party in *AIU Insurance*, the record before this Court demonstrates that Plaintiff raised the issue of the supplemental production with opposing counsel during only one telephone call, during which Defendant's counsel stated that he would consider the request. *See* Solum Decl., ¶ 10, Ex. G. Thereafter, on each day for the next three days, Defendant's counsel attempted to call Plaintiff's counsel, but could not reach him. *See id.*, ¶ 11, Ex. H; Def.'s Mem. at 2, 6. Defendant's counsel also stated in a letter to the Court that it "remain[s] willing to discuss the matter with Abeles in a meet-and-confer." *See* DE 48 at 5. Without returning any telephone calls from Defendant's counsel, Plaintiff filed the Cross-Motion on January 23, 2008 to compel the Supplemental Production. *See* DE 50. However, had Plaintiff's counsel returned any of these calls, he would have learned that Defendant produced the requested documents on the same day. *See* Solum Decl., ¶ 11, Ex J; Def.'s Mem. at 2-3.

Thus the *AIU Insurance* decision does not constitute case law which the Court overlooked in its September 29 Order. To the contrary, when read in full, *AIU Insurance* further supports the Court's decision to impose sanctions. Moreover, the instant motion seeks to re-litigate the parties' unproductive discovery efforts, which this Court previously considered before issuing the September 29 Order. *See* Sept. 29 Order at 3-5; *see also Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Tufo's Wholesale Dairy, Inc. v. CNA Fin. Corp.*, No. 03 Civ. 10175, 2005 WL 3311997, at *3 (S.D.N.Y. Dec. 5, 2005) (denying defendant's motion for

7

reconsideration where movant did not offer new data for the Court to consider but merely sought to relitigate issues decided in a previous decision).

Based upon the foregoing, Plaintiff has not met its burden to point out controlling decisions or data that this Court overlooked which might reasonably be expected to alter the conclusion reached by the Court in the September 29 Order. *See Shrader*, 70 F.3d at 257.

**IV.    DEFENDANT'S CROSS-MOTION FOR ATTORNEYS' FEES**

Defendant cross-moves, pursuant to 28 U.S.C. § 1927, for an order requiring Plaintiff to pay Defendant's attorneys' fees and costs incurred in opposing the motion. *See* Def.'s Mem. at 8-9. Section 1927 provides as follows: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2006); *see Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1020 (2d Cir. 1988) (noting that the purpose of imposing Section 1927 sanctions is to "enforce local rules requiring good faith attempts to settle discovery disputes"). When considering sanctions under this statute, a court must determine whether (1) the offending party's claims were entirely "without color," and (2) the claims were brought in bad faith. *See Dow Chem. Pac. Ltd. v. Rascator S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (affirming award of attorneys' fees under Section 1927 because counsel's actions served no other purpose than to harass or delay); *United States v. Int'l Bd. Of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Bad faith is the touchstone of an award under this statute.").

Under the law as applied in the Second Circuit, awards under Section 1927 are permitted "when the attorney's actions are so completely without merit as to require the conclusion that

8

they must have been taken for some improper purpose such as delay." *New York v. Operation Rescue Nat'l*, 80 F.3d 64, 72 (2d Cir. 1996) (internal quotations and citations omitted), *cert. denied sub nom*, *Broderick v. United States*, 519 U.S. 825 (1996). This is a strict standard. *See Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (citing *Dow Chem. Pac. Ltd.*, 782 F.2d 329 at 344). The "factual findings of bad faith must be characterized by a high degree of specificity." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999).

Here, Defendant argues that an award of attorneys' fees under Section 1927 is warranted because in filing its Motion for Reconsideration, Plaintiff "unreasonably and vexatiously multipl[ied] these proceedings with a motion for which is has no basis." *See* Def.'s Mem. at 8 (citations omitted). Moreover, Defendant asserts that "[a]ttorneys' fees are particularly appropriate in this instance due to the fact that the order Abeles is relitigating is one directing its counsel to pay a sum of money to Creekstone's counsel." Def.'s Mem. at 9 (citations omitted).

While the Court finds that Plaintiff has not met its burden under Rule 59 or Local Rule 6.3 to warrant reconsideration, this conduct by itself is insufficient. *See Salovaara v. Eckert*, 222 F.3d 19, 21 (2d Cir. 2000) (finding counsel's reassertion of claims, by itself, to be insufficient to warrant sanctions under Section 1927); *Eisemann*, 204 F.3d at 396-97 ("[T]he failure to meet the standards of Local Rule 6.3—a proper basis for denial of [plaintiff's] motion for reconsideration—is not, without more, a proper basis for the imposition of sanctions on [plaintiff's] counsel."). Moreover, Defendant's conclusory statements are not accompanied by specific factual underpinnings evidencing that Plaintiff had an improper purpose in filing the instant Motion for Reconsideration. *See Eisemann*, 204 F.3d at 396-97 (reversing imposition of sanctions on counsel because district court "did not make sufficiently specific factual findings to

9

support its conclusion that Eisemann's motion for reconsideration" was filed in bad faith). In light of my review of the circumstances here, I find that Plaintiff's actions do not exhibit a "clear showing of bad faith." *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1010 (2d Cir.1986) (citations omitted); *but see Wine Mkt. Intern., Inc. v. Bass*, 977 F. Supp. 601, 605-606 (E.D.N.Y. 1997) (finding that counsel's actions warranted a Section 1927 award where counsel sought two discovery orders, which required opposing counsel to file an opposition motion and to pay increased air fare to attend the subsequent court appearance). Therefore, Defendant's conclusory statements regarding Plaintiff's purported bad faith intent underlying the failure to comply with Local Rule 6.3 are insufficient to warrant the award of attorneys' fees under Section 1927.

For the foregoing reasons, Defendant's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 are DENIED.

V.  **CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for reconsideration is hereby DENIED. The stay of counsel's obligation to pay over the amount of the sanction [DE 91] is hereby LIFTED. Accordingly, Plaintiff's counsel shall pay the amount of the sanction over to Defendant's counsel within ten (10) days of the date of this Order.

Defendant's cross-motion for attorneys' fees and costs is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
        August 12, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge